## YOUNG *v.* COVINGTON COMPANY *et al.*

1. The finding of the court, to whom the case was submitted without the intervention of a jury upon the issue of fact involved, was not without evidence to support it.

2. While under the law prescribing what is necessary to prevent the dormancy of judgments, as it existed at the time the judgment under consideration was rendered, the clerk of the superior court should have kept both an execution docket .of the superior court and a general execution docket, and should have made an entry of the fi. fa. upon the execution docket of the superior court, nevertheless, where he kept but one docket upon which he made entries of executions, that was to that extent the execution docket of the superior court, and proper entries upon it would prevent the dormancy of a judgment upon which the execution thus entered was issued.

No. 2530. FEBRUARY 20, 1922. REHEARING DENIED MARCH 1, 1922.

Garnishment. Before Judge Meldrim. Chatham superior court. February 9, 1921.

*Travis & Travis*, for plaintiff in error.

*D. W. Krauss, D. S. Atkinson*, and *Hitch, Denmark & Lovett*, contra.

FISH, C. J. On March 14, 1905, Covington Company recovered, in Camden superior court, a judgment for $232.88 against J. K. Young. Upon this judgment an execution was issued at the direction of the attorney for the plaintiff, for $532.88, on March 8, 1912, and was entered upon the execution docket. On April 1, 1918, an entry of nulla bona was made upon the execution, and entry thereof was made upon the same execution docket. In 1920 garnishment upon the judgment of 1905 was issued, returnable to the superior court of Chatham county; and the garnishees answered, showing indebtedness, but alleged that the judgment was for much less than the amount claimed in the garnishment affidavit, and that the judgment was dormant and unenforceable. J. K. Young filed his equitable petition praying that he might be allowed to intervene, and for injunction against the plaintiff. He also set up, as did the garnishees, that the judgment was for only $232.88; that when the judgment was entered on March 14, 1905, an execution was at once issued and entered on the general execution docket; that the execution issued in 1912 was a mere copy of the former, being issued without any proper order; that the only valid execution had been issued in 1905, and that the judgment was therefore dormant. The plaintiff admitted that

only $232.88 was due upon the execution, and that the amount for which it was actually issued was a mistake. There was no controversy as to the mistake and as to the actual amount being $232.88. The case was submitted to the judge without the intervention of a jury, and he rendered judgment for the plaintiff for the amount of the judgment as correctly stated. The intervenor excepted, insisting that the only valid execution was the one alleged by him to have been issued in 1905, and that the execution issued in 1912 was not valid, but that in either case the judgment was dormant.

1. Under the evidence the judge to whom the case was submitted was authorized to find that the only valid execution which had been issued upon the judgment rendered March 14, 1905, was the execution dated March 8, 1912.

2. The judgment upon which the execution was based was not dormant. This judgment was rendered in 1905, and under the law as it stood then it was necessary that the entries of the execution and the entries upon the execution intended to prevent dormancy should be made upon the execution docket of the superior court, that being the court which rendered the judgment; and the testimony of the clerk of the court is that the execution was entered upon the general execution docket. If there had been an execution docket of the superior court kept separately, as the law contemplated, and a general execution docket, the entry upon the general execution docket of the fi. fa. and the entries thereon would not have been sufficient to prevent the dormancy of the judgment. But the clerk, while testifying that these entries were made upon the general execution docket, also testified that he kept no other execution docket; his testimony upon this subject being in the following language: "The execution docket on which the execution of March, 1912, and entries of nulla bona were recorded, was the only execution docket kept for the superior court of Camden county up to three years ago, and when the nulla bona entries were made. There has been no other execution docket of this court for the past twenty years." In 1905 the clerk of the superior court was required to keep an execution docket of that court, and also a general execution docket; but we are of the opinion that where he kept only one execution docket, making the entries appropriate to both the execution

docket of the superior court and the general execution docket, the entries made upon the docket which he kept, and which would have been sufficient if made upon an execution docket of the superior court separately and properly kept, would have the effect of preventing the dormancy of the judgment upon which the execution was issued. *Judgment affirmed. All the Justices concur.*